UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 16, 2010

Michael D. Steinhardt, Esq.
7711 Quarterfield Road
Glen Burnie, MD 21061

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD 21201

**Re: Laverne Moaney v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1838**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Laverne Moaney's claim for Disability Insurance Benefits("DIB"). (Paper Nos. 6,12,15). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Laverne Moaney (sometimes referred to as "Ms. Moaney" or "Claimant"), applied for DIB on June 6, 2006, alleging that she was disabled since May 29, 2006, due to a back injury resulting in chronic leg and back pain. (Tr. 12, 100, 121). Her claim was denied initially and upon reconsideration. (Tr. 60-62). A hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Melvin Benitz on May 1, 2008, where Ms. Moaney appeared and testified. (Tr. 22-59). The ALJ subsequently denied her claim in a decision dated June 9, 2008. (Tr. 12-21). The ALJ found that although Claimant's degenerative disc disease was a "severe" impairment as defined in the Regulations, it did not meet or medically equal any of the listed impairments ("the

Listings") found in the Regulations. The ALJ also determined that Claimant retained the residual functional capacity ("RFC") to perform a range of light work[1]. (Tr. 15-16). In light of her RFC, the ALJ found that Claimant was not able to perform any of her past relevant work ("PRW"). However, after receiving testimony from a vocational expert ("VE") and considering her age, education, work experience, and RFC, the ALJ determined there were jobs that existed in the national and local economies in significant numbers which she could perform. Accordingly, the ALJ found that she was not disabled. (Tr. 20-21). On May 27, 2009, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 1-3).

Claimant presents three arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence. Claimant argues that the ALJ improperly rejected the opinions of her treating physicians in determining her RFC and that she was actually limited to sedentary work as opposed to light work as found by the ALJ. Claimant also argues that the ALJ improperly ignored the state agency physician's opinions that Claimant was credible. *See* Plaintiff's Memorandum, pp. 1-14. For the reasons that follow, I disagree and find that the ALJ's decision is supported by substantial evidence and must be affirmed.

Claimant's primary argument is that the ALJ improperly rejected the opinions of her treating physicians, Dr. Raymond Drapkin and Dr. Matthew Fischer. On September 18, 2007, Dr. Drapkin completed a Lumbar Spine Residual Functional Capacity Questionnaire in which he stated, among other things, that Claimant's pain would be severe enough to "constantly" interfere with her attention and concentration and that she could sit and stand for a total of 2 hours in an eight hour work day and could never lift 10 pounds and only rarely could lift less than 10 pounds.(Tr. 426-428). Dr. Drapkin also stated however on July 28, 2006 that Claimant was: "okay to do light work duty with no heavy lifting above 25 pounds." (Tr. 400).

On July 24, 2006 Dr. Fischer completed a 402B medical

---

[1] The ALJ found that Claimant could perform work that was simple, routine, and unskilled, low stress, low concentration, with an SVP of 2, due to pain and medication side effects, with lifting ten pounds frequently and 20 pounds occasionally, sitting 20 to 30 minutes and standing 10 minutes consistently on an alternate basis during an eight hour day, five days a week, and that she must avoid heights and hazardous machinery with no prolonged climbing, balancing, or stooping defined as no more than once or twice per hour and must avoid temperature extremes and humidity. (Tr. 15-16).

report form and stated that Ms. Moaney could only stand and sit for a total of 1 hour in an eight-hour workday and that due to her back pain she could lift less than ten pounds. (Tr. 317-318). The ALJ considered Dr. Drapkin's and Dr. Fischer's opinions, but ultimately gave them little weight, since he found they were not supported by the relevant objective medical evidence and were not consistent with the record as whole. (Tr. 18).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig* v. *Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. In this case, I find that the ALJ fulfilled this duty. Contrary to Claimant's argument, I find that the ALJ adequately discussed Drs. Fisher and Drapkins' opinions in his decision. The ALJ clearly acknowledged they were Ms. Moaney's treating physicians, and the ALJ specifically addressed all of the doctors' various opinions and explained why he could not accord them controlling weight. For example in rejecting Dr. Drapkin's 2007 assessment, the ALJ noted that on at least three different occasions, Dr. Drapkin assessed the Claimant's capabilities at different levels, but there was no clinical findings or symptom changes in the treatment records, to warrant or support these varying assessments. (Tr. 18, 395, 400, 427-431). The ALJ also found that the examining consultative orthopaedic specialist, Dr. Friedler, and the state agency reviewing physicians Drs. Hakkirinen and Ahn, all rendered consistent opinions regarding Claimant's physical limitations. These evaluations supported the ALJ's finding of her ability to perform light work duties.

After careful review of the entire record, I find that the ALJ's RFC finding of light work is supported by substantial evidence. For example, Dr. Friedler examined Ms. Moaney at the request of Dr. Drapkin. Dr. Friedler stated that Ms. Moaney could work, with certain limitations such as a job that did not require retentive stooping, squatting, or bending and noted that she moved without apparent difficulty. (Tr. 389-391). Ms. Moaney was also examined by Kathryn L. Hamilton, DPT, who stated that based on what Claimant demonstrated during the evaluation

performed she had the work performance capacity for light work. (Tr. 377-386). Regarding Claimant's abilities to climb, stoop, crouch, and crawl, both state agency physicians and the ALJ all acknowledged that Ms. Moaney was limited in certain functional areas. (Tr. 363, 371). Both state agency doctors stated findings that are consistent with the opinion that she could perform the demands of light work. (Tr. Id.). This evidence was properly considered by the ALJ and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

Claimant's final argument is that the ALJ improperly ignored the state agency physician's findings regarding her credibility. Citing SSR 96-7p, she argues that Dr. Ahn stated Ms. Moaney's symptoms were "credible" and that because great weight was accorded to Dr. Ahn's opinions, the ALJ was also required to accept all of Claimant's alleged symptoms as credible. *See* Plaintiff's Memorandum, p.13.

With respect to Claimant's credibility the ALJ stated:
> "After considering the evidence of record the undersigned finds that the claimant medically determinable impairment could reasonably be expected to produce the alleged symptoms; however the claimant's statements concerning the intensity persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below."(Tr. 18).

Later in his decision, specifically referring to Dr. Ahn's opinion that Claimant could perform light work, the ALJ acknowledged that "due to her pain and medication which caused drowsiness" Ms. Moaney was limited to simple, routine, unskilled work, with low stress and low concentration. All of these limitations are consistent with the opinions rendered by Dr. Ahn. For example, Dr. Ahn stated that Claimant has "persistent back pain" as well as "decreased painful range of motion on all planes". (Tr. 362). However Dr. Ahn also stated that Ms. Moaney could occasionally lift 20 pounds and lift 10 pounds frequently, stand or walk for 2 hours and sit for 6 hours in an eight hour day and that she cooks, walks, and shops. The doctor's RFC assessment is consistent with the ALJ's finding of a range of light work and therefore Claimant's argument lacks merit. (Tr. 19, 369-376).

Thus, for the reasons given, this Court GRANTS the

Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

>Sincerely,
>
>/s/
>Paul W. Grimm
>United States Magistrate Judge